NO. 22-1290

# In the United States Court of Appeals for the Seventh Circuit

NICOLE BRONSON,
Plaintiff-Appellant,

v.

ANN & ROBERT H. LURIE CHILDREN'S HOSPITAL OF CHICAGO
and SUSAN RUOHONEN,
Defendants-Appellees.

On Appeal from the United States District Court for the Northern District of
Illinois, Eastern Division, The Honorable John Z. Lee, District Court Judge
Civil Action No. 20-Civ-2077

## APPELLEES' BRIEF

Todd M. Church
tchurch@littler.com
Illinois State Bar No. 6281176
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
312.372.5520
312.277.7413 (Facsimile)

Mark A. Flores
markflores@littler.com
Texas State Bar No. 24076385
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201
214.880.8100
214.880.8101 (Facsimile)

ATTORNEYS FOR APPELLEES

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: <u>22-1290</u>

Short Caption: <u>Nicole M. Bronson v. Ann & Robert H. Lurie Children's Hospital of Chicago and Susan Ruohonen</u>

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

        ☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)      The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

        <u>Ann & Robert H. Lurie Children's Hospital of Chicago ("Lurie Children's Hospital") and Susan Ruohonen</u>

(2)      The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

        <u>Littler Mendelson, P.C.</u>

(3)      If the party, amicus or intervenor is a corporation:

        i)      Identify all its parent corporations, if any; and

                <u>The sole corporate member of Lurie Children's Hospital is Childrens Hospital of Chicago Medical Center</u>

        ii)     list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

                <u>None</u>

(4)      Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)      Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: <u>/s/ Todd M. Church</u>       Date: <u>March 17, 2022</u>

Attorney's Printed Name:  <u>Todd M. Church</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** ☑  **No** ☐

Address: <u>321 N. Clark Street, Suite 1100</u>

        <u>Chicago, IL 60654</u>

Phone Number: <u>312.372.5520</u>       Fax Number: <u>312.372.7880</u>

E-Mail Address: <u>tchurch@littler.com</u>

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: <u>22-1290</u>

Short Caption: <u>Nicole M. Bronson v. Ann & Robert H. Lurie Children's Hospital of Chicago and Susan Ruohonen</u>

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

<u>Ann & Robert H. Lurie Children's Hospital of Chicago ("Lurie Children's Hospital") and Susan Ruohonen</u>

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

<u>Littler Mendelson, P.C.</u>

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        <u>The sole corporate member of Lurie Children's Hospital is Childrens Hospital of Chicago Medical Center</u>

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        <u>None</u>

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: <u>/s/ Mark A. Flores</u>    Date: <u>March 31, 2022</u>

Attorney's Printed Name: <u>Mark A. Flores</u>

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes** ☑  **No** ☐

Address: <u>2001 Ross Avenue, Suite 1500</u>

        <u>Dallas, TX  75201-2931</u>

Phone Number: <u>214-880-8100</u>    Fax Number: <u>214-880-8100</u>

E-Mail Address: <u>markflores@littler.com</u>

rev. 12/19 AK

# TABLE OF CONTENTS

**PAGE**

CERTIFICATES OF DISCLOSURE .........................................................................i

TABLE OF CONTENTS.................................................................................... iii

TABLE OF AUTHORITIES ................................................................................v

I.    JURISDICTIONAL STATEMENT ..................................................................1

II.    STATEMENT OF THE ISSUES ..................................................................2

III.    STATEMENT OF THE CASE ......................................................................3

IV.    SUMMARY OF THE ARGUMENT ...............................................................6

V.    ARGUMENT.................................................................................................8

    A.    Standard of Review .........................................................................8

    B.    The District Court properly found Bronson's pleadings showed Lurie Children's did not employ Bronson when it dismissed with prejudice Bronson's Title VII claims............................................9

        1.    The District Court properly found Bronson was not an employee of Lurie Children's ..................................................10

        2.    This Court should not entertain Bronson's belated argument that the District Court misapplied the Specific Control Test.................................................................................13

        3.    Bronson did not exhaust her administrative remedies as to her hostile work environment claim requiring its dismissal.................................................................................15

        4.    Bronson's allegations fall well short of the severe and pervasive actions required to make a claim of hostile work environment under Title VII ...........................................16

    C.    The District Court properly dismissed Bronson's claims under 42 U.S.C .............................................................................................19

# TABLE OF CONTENTS

PAGE

    D.    The District Court properly denied Bronson's Motion for
Reconsideration as the motion did not present any manifest
errors in law or new evidence necessary to reverse the proper
dismissal of the action ........................................................................21

VI.    CONCLUSION.............................................................................................23

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
    TYPEFACE REQUIREMENTS, AND TYPE-STYLE
    REQUIREMENTS ........................................................................24

CERTIFICATE OF SERVICE ............................................................................25

# TABLE OF AUTHORITIES

P<small>AGE</small>

## Cases

*Adam v. Obama for America*,
  210 F. Supp. 3d 979 (N.D. Ill. 2016)............................................................18, 21

*Bay v. Cassens Trans. Co.*,
  212 F.3d 969 (7th Cir. 2000) ......................................................................15

*Bosch v. NorthShore Univ. Health Sys.*,
  2019 IL App (1st) 190070, 155 N.E.3d 486 ..............................................20

*Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*,
  90 F.3d 1264 (7th Cir. 1996) ........................................................................8

*Chaidez v. Ford Motor Co.*,
  937 F.3d 998 (7th Cir. 2019) ......................................................................15

*Cheek v. Western & Southern Life Ins. Co.*,
  31 F.3d 497 (7th Cir. 1994) ........................................................................15

*Garlington v. O'Leary*,
  879 F.2d 277 (7th Cir. 1989) ......................................................................14

*Harris v. Forklift Sys., Inc.*,
  510 U.S. 17 (1993)......................................................................................17

*Hrobowski v. Worthington Steel Co.*,
  358 F.3d 473 (7th Cir. 2004) ......................................................................17

*Hyron USA, Inc. v. Hyson 2U, Ltd.*,
  821 F.3d 935 (7th Cir. 2016) ........................................................................8

*Knight v. United Farm Bureau Mut. Ins. Co.*
  950 F.2d 377 (7th Cir. 1991) ......................................................................11

*Love v. JP Cullen & Sons, Inc.*,
  779 F.3d 697 (7th Cir. 2015) ......................................................................11

# TABLE OF AUTHORITIES

(CONTINUED)

PAGE

*McReynolds v. Merrill Lynch & Co.*,
   694 F.3d 873 (7th Cir. 2012) ...............................................................18

*Morris v. Office Max, Inc.*,
   89 F.3d 411 (7th Cir. 1996) .................................................................19

*Muhammad v. Oliver*,
   547 F.3d 874 (7th Cir. 2008) ...............................................................19

*Phelan v. City of Chicago*,
   347 F.3d 679 (7th Cir. 2003) .................................................................8

*Shelton v. Ernst & Young, LLP*,
   143 F. Supp. 2d 982 (N.D. Ill. 2001)......................................................9

*United Central Bank v. KMWC 845, LLC*,
   800 F.3d 307 (7th Cir. 2015) .................................................................9

*United States v. Payne*,
   102 F.3d 289 (7th Cir. 1996) ...............................................................14

*Webb v. Frawley*,
   906 F.3d 569 (7th Cir. 2018) ...............................................................19

*Whittaker v. N. Illinois Univ.*,
   424 F.3d 640 (7th Cir. 2005) ...............................................................17

*Winters v. Hamos*,
   No. 16-cv-10777, 2018 WL 3458266 (N.D. Ill. July 18, 2018)..................16, 18

**Statutes**

42 U.S.C. § 1981 .............................................................................*passim*

HIPAA.................................................................................................10

Title VII................................................................................................2

**TABLE OF AUTHORITIES**
(Continued)

Page

**Other Authorities**

Rule 12(b)(6) of the Federal Rules of Civil Procedure........................................8, 18

Rule 59(e)...................................................................................................................8

Rule 59(e) and 60(b) ..................................................................................................6

**I.**
## <u>JURISDICTIONAL STATEMENT</u>

Defendants-Appellees Ann & Robert H. Lurie Children's Hospital of Chicago ("Lurie Children's") and Susan A. Ruohonen ("Ruohonen") state that the jurisdictional statement set forth by Plaintiff-Appellant Nicole Bronson ("Bronson") correctly states the names and dates of the filings before the Northern District of Illinois ("District Court") that lay the basis for this current appeal and also provides a complete jurisdictional summary of the same.

## II.
## STATEMENT OF THE ISSUES

1.     Did the District Court correctly dismiss with prejudice all Title VII causes of action stated in the Complaint [Doc. 1]; [App'x 1-22][1] as a matter of law based upon the pled facts establishing Lurie Children's did not employ Bronson including, but not limited to, the fact that Lurie Hospital did not hire Bronson, Lurie Hospital could not discipline Bronson, and Bronson's repeated reliance on her CPSA union representative to address issues she had with Lurie Hospital?

2.     Did the District Court correctly dismiss with prejudice Bronson's claim under 42 U.S.C. § 1981 as stated in the Complaint [Doc. 1]; [App'x 1-22] as a matter of law based upon the pled facts?

3.     Did Bronson sufficiently pled facts in the Complaint [Doc. 1]; [App'x 1-22] necessary to support a claim of discrimination and/or a hostile work environment?

4.     Did the District Court correctly deny Bronson's Motion for Reconsideration as it simply rehashed previously dismissed arguments considered in the Motion to Dismiss?

---

[1] Citations to [Doc. ___, p. ___ ] refer to documents in the district court record, as numbered on the docket sheet, and page numbers within those documents.  Citations to [App'x ____ ] refer to documents in Appellant's Appendix by page number. Citations to [R. App'x ___ ] refer to documents in Appellees' Appendix by page number.

## III.
## <u>STATEMENT OF THE CASE</u>

Chicago Public Schools ("CPS") teacher Bronson filed her Complaint against Lurie Children's, the hospital to which she was assigned, and Ruohonen, her "representative supervisor" at Lurie Children's, on March 31, 2020. [Doc. 1, ¶¶ 9, 29]; [App'x 2, 6]. Bronson's Complaint alleged claims under Title VII for hostile work environment and discrimination based on race as well as a claim pursuant to 42 U.S.C. § 1981. Bronson's Complaint also asserted state law claims for defamation and tortious interference with contract. [Doc. 1, ¶¶ 55-106]; [App'x 13-22]. Bronson's Complaint made clear that Lurie Children's did not employ Bronson, stating:

- CPS Manager Tora Evans hired her as a teacher to work a three-year assignment at Lurie Children's [Doc. 1, ¶ 9]; [App'x 2];
- Bronson worked as a CPS teacher [Doc. 1, ¶¶ 35, 39, 51]; [App'x 9, 12];
- Bronson was "under contract with CPS and is further protected by the Chicago Teacher's Union ("CTU") [Doc. 1, ¶ 103]; [App'x 28];
- Lurie Children's could not discipline Bronson as stated in the CTU/CPS collective bargaining agreement ("CBA") [Doc. 1, ¶ 29]; [App'x 6-8];
- Bronson reached out to her union representative regularly with complaints [Doc. 1, ¶¶ 37, 41, 42]; [App'x 9-10];
- Bronson believed Evans had the authority to transfer her or remove her from her position at Lurie Children's [Doc. 1, ¶ 47]; [App'x 11];
- The CTU referred to Ruohonen as Bronson's "representative supervisor;" [Doc. 1, ¶ 29]; [App'x 6]; and

- Lurie Children's Representative Supervisor Ruohonen inquired of Bronson's CPS supervisor regarding the nature of Bronson's assignment [Doc. 1, ¶ 27]; [App'x 6].

The allegations made in Bronson's Complaint clearly established that Lurie Children's did not employ Bronson.

Bronson's allegations of discriminatory conduct on the part of Lurie Children's similarly fail to state a claim for relief. Bronson maintained she felt discriminated against based on her inability to access certain medical records, inability to have a workspace she deemed suitable, and criticism from Ruohonen. [Doc. 1, ¶ 57, 59]; [App'x 13-14]. Bronson makes no claims, however, that racially offensive language was used, that anyone made an employment decision based on her race, or that her working conditions were intolerable. Rather, Bronson sets forth the demographics of the department to which she was assigned at Lurie Children's and makes a conclusory statement that petty slights were based on race. [Doc. 1, ¶¶ 11, 14, 15, 49] [App'x 3, 12].

Lurie Children's and Ruohonen filed a Motion to Dismiss for Failure to State a Claim on July 6, 2020 [Doc. 16. 17]; [R. App'x 004-23]. On July 29, 2020, Bronson filed a Response to the Motion to Dismiss. [Doc. 24, 25]; [R. App'x 024-38]. Lurie Children's and Ruohonen filed their Reply to the Response to the Motion to Dismiss on August 14, 2020. [Doc. 27]; [R. App'x 039-50].

The Court filed a Memorandum Opinion and Order on March 18, 2021, dismissing the claims of discrimination and hostile work environment pursuant to Title VII, as Bronson's complaint not only lacked allegations that would support a conclusion that Lurie Children's was her joint employer, but actually affirmatively included allegations that plainly established Lurie Children's did ***not*** employ Bronson.  The Court further dismissed the Section 1981 claim because neither Lurie Children's or Ruohonen interfered with Bronson's ability to make or enforce the CBA or any other contract through tortious interference or the creation of a hostile work environment.  [Doc. 31, pp. 7-14]; [R. App'x 057-64].  The District Court refused to exercise supplemental jurisdiction over the state law claim of defamation and dismissed the same without prejudice, but chose to dismiss with prejudice the state law claim of tortious interference, as Bronson failed to allege that any contract had been broken.  [Doc. 31, p. 15]; [R. App'x 065].  Bronson does not challenge the dismissal of the tortious interference claim.

On April 15, 2021, Bronson filed a Motion for Reconsideration that merely re-hashed arguments made in her Response to Defendants' Motion to Dismiss.  [Doc. 33, 34]; [R. App'x 067-79].  Lurie Children's and Ruohonen filed a Response to the Motion to Reconsider on May 7, 2021, [Doc. 36]; [R. App'x 080-88], to which Bronson filed a Reply on May 21, 2021, [Doc. 37]; [R. App'x 089-104]. The District Court denied the Motion for Reconsideration on January 25, 2022.  [Doc. 38]; [R.

App'x 105-09].  On February 23, 2022, Bronson filed her Notice of Appeal of the District Court's Order "denying Plaintiff's Rule 59(e) and 60(b) Motion for Reconsideration of the Court's granting of the Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and all related orders and rulings to the United States Court of Appeals for the Seventh Circuit."  [Doc. 39]; [R. App'x 110-11].

## IV.
## SUMMARY OF THE ARGUMENT

The District Court properly dismissed with prejudice Bronson's complaints of a hostile work environment and discrimination under Title VII against Lurie Children's because Lurie Children's neither directly employed nor acted as Bronson's joint employer while CPS assigned Bronson to work at Lurie Children's. On that issue, the allegations in the Complaint fail in two respects.  First, Bronson fails to make allegations that establish the type of control necessary for Lurie Children's to qualify as her employer; for example, she does not, and cannot, allege that she receives a Form W-2 from Lurie Children's, that Lurie Children's sets her pay or pays her, that Lurie Children's provides her benefits, that Lurie Children's interviewed her, that Lurie Children's sets her schedule or directs her work, that Lurie Children's determines the length of her assignment by CPS, that Lurie Children's provides training to her related to her teaching duties, that Lurie Children's provides textbooks or other teaching materials to her, that Lurie Children's completes performance reviews for her, or that Lurie Children's can

discipline or terminate her.  Second, Bronson makes affirmative allegations that clearly show CPS, not Lurie Children's, controlled Bronson's employment.  This Court should disregard Bronson's belated attempt to argue that the Court failed to apply the specific control test, as this argument was never raised in the District Court. Bronson similarly failed to plead sufficient facts establishing a cognizable claim under Title VII; her recitation of petty slights and minor annoyances and the absence of any allegations of racial animus, as discussed above, do not show such severe and pervasive conditions as required to show a hostile work environment, providing this Court yet another basis to dismiss this claim.

The District Court likewise properly dismissed with prejudice Bronson's cause of action pursuant to 42 U.S.C. § 1981, as Bronson failed to plead any facts demonstrating that Lurie Children's and Ruohonen prevented the enforcement of a contract by creating a hostile work environment or otherwise tortiously interfering with because of Bronson's race.

Finally, the District Court did not abuse its discretion in denying Bronson's Motion for Reconsideration as Bronson simply rehashed arguments she previously made in response to the Motion to Dismiss.  Bronson did not present a manifest error of law in the District Court's Order dismissing with prejudice Bronson's claims under Title VII and 42 U.S.C. § 1981, nor did Bronson present any new evidence for the District Court's consideration.

7

This Court should affirm the District Court's decision to grant Lurie Children's and Ruohonen's Motion to Dismiss and to deny Bronson's Motion to Reconsider.

## V.
## ARGUMENT

### A.     Standard of Review

This Court considers a district court's decision to grant a Motion to Dismiss For Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure using a *de novo* standard of review.  *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003) (citation omitted).  "In reviewing the district court's decision, this court must accept all well-pleaded facts alleged in the complaint as true and must draw all reasonable inferences in favor of the non-movant."  *Id.*  "Dismissal is appropriate under the rule when the factual allegations in the complaint, accepted as true, do not state a facially plausible claim for relief."  *Hyron USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (citation omitted).

The review of a motion to reconsider pursuant to Rule 59(e) is more deferential given that such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1268 (7th Cir. 1996).  This Court, therefore, reviews motions to reconsider under an abuse of discretion standard and "will not upset the district court's ruling absent a showing that 'no reasonable person

8

could agree with the decision of the district court.'" *United Central Bank v. KMWC 845, LLC*, 800 F.3d 307, 309 (7th Cir. 2015) (citation omitted) (citation omitted).

**B.    The District Court properly found Bronson's pleadings showed Lurie Children's did not employ Bronson when it dismissed with prejudice Bronson's Title VII claims.**

Bronson's Complaint makes plain that Lurie Children's never employed Bronson, obviating any potential Title VII claims brought by Bronson against Lurie Children's.[2]  Bronson alleges CPS Manager Tora Evans, not anyone at Lurie Children's, hired her as a teacher before she received a three-year assignment to perform her work for CPS at Lurie Children's.  [Doc. 1, ¶ 9]; [App'x 2].  Bronson identified herself as a CPS teacher on multiple occasions in the Complaint.  [Doc. 1, ¶¶ 35, 39, 51]; [App'x 9, 12].  Indeed, Bronson goes out of her way to state that she "is under contract with CPS and is further protected by the Chicago Teacher's Union ("CTU")."  [Doc. 1, ¶ 103]; [App'x 28].  Bronson also alleges that she informed Lurie Children's that Lurie Children's could not discipline her as stated in the CTU/CPS CBA.  [Doc. 1, ¶¶ 29]; [App'x 6-8].  Bronson likewise noted that CPS supervisor Tora Evans had the authority to transfer her or remove her from her position at Lurie Children's.  [Doc. 1, ¶ 47]; [App'x 11].  For her part, Lurie

---

[2] Since Title VII does not provide for a claim against an individual acting in an allegedly supervisory capacity, the dismissal of Title VII claims against Ruohonen should similarly stand.  *Shelton v. Ernst & Young, LLP*, 143 F. Supp. 2d 982, 990 (N.D. Ill. 2001) (citing *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995).

Children's Susan Ruohonen, who acted as Bronson's representative supervisor during Bronson's assignment at Lurie Children's, asked questions of Bronson's CPS supervisor regarding the nature of Bronson's assignment.  [Doc. 1, ¶ 27]; [App'x 6].  Ruohonen even had to ask Bronson's CPS manager to place an email charging Bronson with a HIPAA violation in Bronson's file – she could not do so herself.  [Doc. 1, ¶ 48]; [App'x 18].  As stated in the Complaint, the CTU referred to Ruohonen as Bronson's "representative supervisor," as opposed to actual supervisor, further supporting Lurie Children's claim that it did not maintain control regarding Bronson's employment.  [Doc. 1, ¶ 29]; [App'x 6].

Bronson's allegations make clear that CPS employed Bronson throughout her assignment at Lurie Children's.  Bronson made no attempt to hide her belief that she believed herself to be an employee of CPS, protected by the CTU/CPS CBA.  Bronson further acknowledged CPS as having the sole authority to transfer or remove her from her assignment with Lurie Children's.  Bronson cannot escape the factual allegations made in her Complaint that plainly show Lurie Children's never employed her, preventing Bronson from making a *prima facie* case under Title VII against Lurie Children's.

### 1.    The District Court properly found Bronson was not an employee of Lurie Children's.

The District Court correctly found Bronson failed to show, as a threshold matter for her Title VII claims, "the existence of an employer-employee

relationship." *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015).

Bronson does not plead nor argue that Lurie Children's acted as her direct employer,

requiring Bronson to show Lurie Children's acted as a *de facto* employer. This

requires consideration of the following "economic realities" factors stated in *Knight*

*v. United Farm Bureau Mut. Ins. Co.*:

> (1) the extent of the employer's control and supervision over the
> worker, including directions on scheduling and performance of work,
> (2) the kind of occupation and nature of skill required, including
> whether skills are obtained in the workplace, (3) responsibility for the
> costs of operation, such as equipment, supplies, fees, licenses,
> workplace, and maintenance of operations, (4) method and form of
> payment and benefits, and (5) length of job commitment and/or
> expectations.

950 F.2d 377, 378-79 (7th Cir. 1991). "[W]here control is examined, 'the key

powers are, naturally those of hiring and firing." *Love v. JP Cullen & Sons, Inc.*,

779 F.3d 697, 703 (7th Cir. 2015) (quoting *EEOC v. Illinois*, 69 F.3d 167, 171 (7th

Cir. 1995)). The right to control is the most important factor and is given the most

weight. *Id.*

There remains no question that CPS exercised the ultimate control and

supervision over Bronson during Bronson's assignment at Lurie Children's given

that CPS hired Bronson and assigned her work and Bronson's treatment of CPS as

her ultimate employer with the authority to discipline, transfer or remove her

according to the CTU/CPS CBA. [Doc. 1, ¶¶ 9, 29, 47, 103]; [App'x 2, 6-8, 11, 28].

The pleading likewise makes clear CPS maintained her personnel file and that

Ruohonen had to seek guidance from CPS as to the scope of Bronson's position and any potential removal of her from her position. [Doc. 1, ¶¶ 27, 29, 48]; [App'x 6, 18].

Bronson's attempt to reconcile her complaint regarding allocation of workspace further emphasizes this point. Bronson's CPS union contact sent an email to Ruohonen informing her that she must provide adequate workspace, once again showing the lack of control Lurie Children's had regarding Bronson's working conditions. [Doc. 1, ¶ 41]; [App'x 10]. The Complaint plainly states the right to an adequate workspace came from a CPS Citywide team collaborative meeting. [Doc. 1, ¶ 42]; [App'x 10]. Lurie Children's had no control regarding the hiring or decision making with respect to Bronson's employment and virtually no involvement in the supervision of Bronson's activities following CPS's assignment of Bronson to teach at Lurie Children's.

The remaining factors cannot overcome the lack of control exercised by Lurie Children's over Bronson. With respect to the second factor, Bronson expressly stated that she worked as a teacher, a position not representative of the type of position employed by a hospital. [Doc. 1, ¶¶ 9, 12]; [App'x 2, 3]. Also, Bronson fails to allege that Lurie Children's provided her with any training related to her teaching duties.

The third and fourth factors similarly weigh against employment status, as Bronson failed to plead any facts that would indicate she had a financial responsibility associated with her teaching tasks, nor did she plead facts that would show she received any payment or benefits from Lurie Children's. Finally, regarding the fifth factor, while Bronson's assignment at Lurie Children's was not fleeting, Lurie Children's did not decide that – CPS did.

The pled facts, that this Court must accept as true in considering this motion, plainly show Lurie Children's did not employ Bronson. Lurie Children's had limited to no control and supervision over Bronson regarding her position including, but not limited to, the ability to hire, discipline, terminate and even assign workspaces. Finally, Bronson pled no facts that would show Bronson had responsibility for the costs of her operations at Lurie Children's hospital or that she received money and/or benefits from Lurie Children's. The District Court properly found that Lurie Children's did not employ Bronson and dismissed with prejudice Bronson's Title VII claims against Lurie Children's and this Court should affirm.

### 2.    This Court should not entertain Bronson's belated argument that the District Court misapplied the Specific Control Test.

Bronson's argument that the District Court allegedly erred in not applying the "specific control test" fails because she has never raised this argument with the District Court. This Court has "repeatedly held that a party that fails to press an argument before the district court waives the right to present that argument on

appeal." *Garlington v. O'Leary*, 879 F.2d 277, 282 (7th Cir. 1989). In considering this appeal, therefore, this Court cannot "consider a litigant's issue if that litigant did not give a trial court the first opportunity to decide the issue." *United States v. Payne*, 102 F.3d 289, 293 (7th Cir. 1996) (citation omitted).

Bronson never argued this Court should apply this test before the District Court in her Response to the Motion to Dismiss [Doc. 25, pp. 1-13]; [R. App'x 024-38], her Motion for Reconsideration [Doc. 34, pp. 1-11]; [R. App'x 069-79], or her Reply to the Response to the Motion for Reconsideration [Doc. 37, pp. 1-11]; [R. App'x 089-99]. Bronson cannot raise this issue for the first time on appeal as part of a desperate attempt to resurrect this claim.

Even if the Specific Control Test applied, the pled facts show Lurie Children's still did not control the alleged employment of Bronson that she found discriminatory. CPS controlled the type of office space Bronson received at Lurie Children's and confirmed the same with Lurie Children's. [Doc. 1, ¶ 51]; [App'x 12-13]. CPS controlled the scope of Bronson's assignment and the access she required to medical information. [Doc. 1, ¶ 27]; [App'x 6]. All complaints regarding the alleged hostile treatment went to her CTU union representative who referred to her on-site supervisor at Lurie Children's as Bronson's "representative supervisor." [Doc. 1, ¶¶ 29, 37, 41, 42]; [App'x 6, 9-10]. Thus, Bronson could not show Lurie Children's acted as her employer even under this novel and newly raised "specific

control test. Regardless, this Court should refuse to entertain this argument and affirm the District Court's dismissal with prejudice of Bronson's Title VII claims based on its holding that Lurie Children's did not employ Bronson.

### 3.     Bronson did not exhaust her administrative remedies as to her hostile work environment claim requiring its dismissal.

Bronson's claim of hostile work environment cannot survive as her Charge of Discrimination ("Charge") makes no mention of factual allegations that would support such a claim. [Doc. 1-1, p. 1]; [R. App'x 001].[3] "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted). The filing of an EEOC charge with the claims alleged in the lawsuit is "a condition precedent with which Title VII plaintiffs must comply." *Id.* (citation omitted). "The charge and complaint 'must, at a minimum describe the *same conduct* and implicate the *same individuals*." *Chaidez v. Ford Motor Co.*, 937 F.3d 998 (7th Cir. 2019) (quoting *Cheek*, 31 F.3d at 501) (emphasis in original).

The Charge makes allegations that could conceivably support a claim for disparate treatment but makes no mention of harassment as required to make a

---

[3] While the District Court did not discuss this argument as a basis for its decision to dismiss with prejudice the claims made in the Complaint, this Court "may affirm on a ground other than that relied on by the district court so long as it is adequately supported by the record and the law." *Bay v. Cassens Trans. Co.*, 212 F.3d 969, 972-73 (7th Cir. 2000).

hostile work environment claim.  The Charge states Bronson has "been subjected to different terms and conditions of employment" and "assigned to a less favorable office space."  [Doc. 1-1, p. 1]; [R. App'x 001].  The Charge likewise stated Lurie Children's "attempted to reassign, discipline and discharge [Bronson.]"  [Doc. 1-1, p. 1]; [R. App'x 001].  The Charge makes no mention of Ruohonen, or any supervisor for that matter, allegedly engaging in "harassing conduct and disparaging remarks" as stated in the hostile work environment cause of action stated in Count I of the Complaint.  *Compare* [Doc. 1-1, p. 1]; [R. App'x 001] *with* [Doc. 1, ¶ 58]; [App'x 14].  Bronson's hostile work environment claim cannot survive given her failure to exhaust her administrative remedies by failing to mention sufficient factual allegations to support the claim in her Charge.

### 4.   Bronson's allegations fall well short of the severe and pervasive actions required to make a claim of hostile work environment under Title VII.

While not relied upon by the District Court as a basis to dismiss Bronson's hostile work environment claim, the Complaint likewise fails to plead facts sufficient to support a claim of a hostile work environment pursuant to Title VII.  Bronson must make allegations sufficient to plausibly state Lurie Children's engaged in a hostile work environment. *Winters v. Hamos*, No. 16-cv-10777, 2018 WL 3458266, at *4-5 (N.D. Ill. July 18, 2018) (granting motion to dismiss for failure to state a claim based on lack of allegations of severe and pervasive conduct amounting to a

hostile work environment). To state a hostile work environment claim, Bronson must allege that: (1) she was subject to unwelcome harassment; (2) the harassment was based on her race; (3) the harassment unreasonably interfered with her work performance; and (4) there is a basis for employer liability. *Hrobowski v. Worthington Steel Co.*, 358 F.3d 473, 476 (7th Cir. 2004). This requires a showing that the "workplace is permeated with discriminatory intimidation, ridicule, insult . . . sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Factors considered include "the frequency or severity of the conduct, whether it is threatening and/or humiliating or merely offensive, and whether the harassment unreasonably interferes with an employee's work." *Whittaker v. N. Illinois Univ.*, 424 F.3d 640, 645 (7th Cir. 2005).

Bronson's allegations, however, amount to nothing more than workplace frustrations and disagreements with her representative supervisors with no true suggestion that race played a role in the alleged treatment. Bronson claims she was denied access to electronic medical records, denied workspace to perform her position and received negative feedback from Ruohonen before making a conclusory statement that Ruohonen took these actions because of her race. [Doc. 1, ¶ 57, 59]; [App'x 13-14]. Nothing about these perceived slights amounts to severe conduct that altered Bronson's employment based on her race. "[F]ederal law does not

protect against petty slights, minor annoyances, and bad manners." *Adam v. Obama for America*, 210 F. Supp. 3d 979, 988 (N.D. Ill. 2016) (citation omitted). Allegations of denied tools necessary to perform work and poor reviews fail to meet the standard required to prove a hostile work environment. *See Winters*, 2018 WL 3458266, at *4-5 (N.D. Ill. July 18, 2018) (granting motion to dismiss hostile work environment claim where plaintiff "allege[d] that the Defendant denied him training, failed to give him performance reviews or gave him baseless poor reviews, gave him an excessive workload, denied his FlexTime, and suspended him for seven days" in addition to making discriminatory comments).

Moreover, Bronson makes no allegations that Lurie Children's or Ruohonen took these actions based on race. Bronson's lone allegations regarding race simply set forth statistics as to the racial make-up of the teachers assigned to Lurie Children's before stating that she informed her union contact that she would file a racial discrimination charge. [Doc. 1, ¶¶ 11, 14, 15, 49]; [App'x 3, 12]. Bronson makes no allegations, however, as to why she believed she was working in a hostile work environment brought on because of her race. The Complaint is devoid of any discriminatory comments, discriminatory actions or specific allegations of disparate treatment on the part of Ruohonen and/or Lurie Children's. As this Court is well aware, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 885 (7th Cir.

2012). Absent facts to support the conclusory claim that Ruohnen and/or Lurie

Children's took actions against Bronson based on her race, Bronson's claim that she

was subjected to a hostile work environment fails and this Court may affirm on this

alternative basis.

**C.** **The District Court properly dismissed Bronson's claims under 42 U.S.C. § 1981 based on Bronson's failure to plead Lurie Children's and Ruohonen conduct resulted in a breach of a contract.**

The District Court correctly found that Bronson failed to allege a contract with

which Lurie Children's interfered as required to show a violation of 42 U.S.C.

§ 1981. "To establish a claim under § 1981, [a plaintiff] must show that (1) they are

members of a racial minority; (2) the defendant had an intent to discriminate on the

basis of race; and (3) the discrimination concerned one or more of the activities

enumerated in the statute (i.e., the making and enforcing of a contract)." *Morris v.

Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). "[T]ortious interference with

contract rights violates section 1981 when the motivation for the interference is

racial." *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). "To state a claim

for tortious interference with contract, a plaintiff must allege facts sufficient to

establish: (1) a valid contract, (2) defendant's knowledge of the contract, (3)

defendant's intentional and unjustified inducement of a breach of the contract, (4) a

subsequent breach of contract caused by defendant's wrongful conduct, and (5)

damages." *Webb v. Frawley*, 906 F.3d 569, 577 (7th Cir. 2018) (citation omitted).

Bronson's allegations stated in the Complaint are confusing at best.  While not alleged in the Complaint, Bronson now appears to claim in her brief that she entered into an employment agreement with Lurie Children's, presumably in order to make a claim against Ruohonen for some form of tortious interference.  [Doc. 1, ¶ 91]; [App'x 19].  She next claims in a conclusory fashion that Ruohonen created a hostile work environment based on racial discrimination before attempting to claim that Lurie Children's interfered with its own agreement with Bronson and that Ruohonen interfered with Bronson's agreement with Lurie Children's.  [Doc. 1, ¶¶ 97-98]; [App'x 20].

The District Court correctly found, however, that neither Ruohonen nor Lurie Children's engaged in any conduct that would amount to inducement of a breach of contract.  Bronson's newly-asserted claim regarding an alleged agreement between herself and Lurie Children's is not alleged in the Complaint and must be rejected.  Regardless, Lurie Children cannot interfere with its own contract.  *Cf. Bosch v. NorthShore Univ. Health Sys.*, 2019 IL App (1st) 190070, ¶ 95, 155 N.E.3d 486, 507 ("A party cannot tortiously interfere with its own contract.").  Rather, the District Court properly analyzed Bronson's Section 1981 based on the only contract named in the Complaint, specifically the CBA between CPS and the CTU, which Bronson appeared to state was breached by Lurie Children's failure to provide adequate workspace.  [Doc. 1, ¶ 41]; [App'x 10].  The Court then recognized that Bronson

alleged that the issue had been resolved, failing to prove that a breach occurred or who induced it. [Doc. 1, ¶ 42]; [App'x 10]. Finding nothing else in the pleading that could amount to either a breach of the CBA or inducement to breach the CBA, the District Court properly dismissed this allegation.

The District Court also properly dismissed with prejudice Bronson's claim under 42 U.S.C § 1981 to the extent it was based on any potential allegations of a hostile work environment. [Doc. 31, p. 13-14 n.4]; [R. App'x 063-64]. As discussed above, Bronson's allegations against Lurie Children's and Ruohonen fail to rise to the level of a "significant negative alternation" as required to show a hostile work environment. *Adam v. Obama for America*, 210 F. Supp. 3d 979, 988 (N.D. Ill. 2016). While Bronson may have alleged some embarrassment and frustration, none of the actions pled amount to conduct so severe and pervasive as to amount to a hostile work environment capable of inducing the breach of any agreement based on race. *See* supra Part V.B.3. This Court should affirm the District Court's dismissal with prejudice of Bronson's claims under 42 U.S.C. § 1981 against Ruohonen and Lurie Children's.

**D.   The District Court properly denied Bronson's Motion for Reconsideration as the motion did not present any manifest errors in law or new evidence necessary to reverse the proper dismissal of the action.**

Bronson made no attempt to submit new evidence or show manifest errors in law committed by the District Court in its Motion to Reconsider. Bronson argued

this Court should allow discovery to engage in a fact-intensive inquiry to determine whether Lurie Children's served as a joint-employer of Bronson and attempts to salvage the Complaint by arguing additional facts not apparent on the face of the Complaint supported her claim that Lurie Children's exercised sufficient control to establish Bronson as an employee of Lurie Children's. [Doc. 34, pp. 3-6]; [R. App'x 071-74]. Bronson's arguments regarding the dismissal of the claim under 42 U.S.C. § 1981 amounted to nothing more than stating that she was not the author of an email quoted in her Complaint (which the District Court never claimed she was) before restating arguments previously made in her Response to the Motion to Dismiss. [Doc. 34, pp 6-9]; [R. App'x 071-74].

In response, the District Court noted "a motion to reconsider is not 'an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion" before denying the motion as a restatement of previously made argument. [Doc. 38, p. 2]; [R. App'x 106] (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)). The District Court proceeded to restate its justifications for ordering the dismissal with prejudice of both the Title VII claim and the 42 U.S.C. § 1981 claim based on the same reasons set forth in its order granting the Motion to Dismiss for Failure to State a Claim. [DE No. 38, pp. 3-4]; [R. App'x 107-08]. The District Court did not commit an abuse of discretion in

denying the improperly filed Motion to Reconsider and this Court should affirm the dismissal with prejudice of this action.

## VI.
## CONCLUSION

For the above-stated reasons, Lurie Children's and Ruohonen request this Court affirm the District Court's dismissal with prejudice of the Complaint and award Lurie Children's and Ruohonen any relief to which it is otherwise entitled.

Respectfully submitted,

*/s/ Mark A. Flores*
Todd M. Church
tchurch@littler.com
Illinois State Bar No. 6281176
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL 60654
312.372.5520
312.277.7413 (Facsimile)

Mark A. Flores
markflores@littler.com
Texas State Bar No. 24076385
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201
214.880.8100
214.880.8101 (Facsimile)

ATTORNEYS FOR DEFENDANTS-APPELLEES

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

1.      This document complies with the type-volume limit of Federal Rules of Appellate Procedure Rule 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rules of Appellate Procedure Rule 32(f), this document contains 5016 words.

2.      This document complies with the typeface requirements of Federal Rules of Appellate Procedure Rule 32(a)(5) and the type-style requirements of Federal Rules of Appellate Procedure Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Times New Roman 14-point font.


*/s/ Mark A. Flores*
Mark A. Flores

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 11, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit through the appellate CM/ECF system resulting in electronic service on the following attorneys of record:

Cavita J. Frederick
P.O. Box 802976
Chicago, Illinois 60680-2976

*Attorney for Plaintiff-Appellant*


/s/ Mark A. Flores
Mark A. Flores

4868-4515-5102.2 / 105987-1004