No. 22-1290

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

NICOLE BRONSON,

    *Plaintiff-Appellant*,

    v.

ANN & ROBERT H. LURIE CHILDREN'S HOSPITAL OF CHICAGO and SUSAN RUOHONEN,

    *Defendants-Appellees*.

Appeal From the United States District Court
For the Northern District of Illinois
Eastern Division
Case No. 20-Civ-2077
Honorable John Z. Lee

## RESUBMITTED
## REPLY BRIEF OF
## PLAINTIFF-APPELLANT, NICOLE BRONSON

Calvita J. Frederick
Post Office Box 802976
Chicago, Illinois 60680-2976
312-421-5544
ARDC # 6184001
*Attorney for Plaintiff-Appellant*

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................................ 2

TABLE OF AUTHORITIES ......................................................................................... 3

ARGUMENT .................................................................................................................. 4

    Jurisdictional Statement ........................................................................................ 4

    This Court May Properly Consider Plaintiff-Appellant's Specific Control Test Argument ...... 4

    Plaintiff-Appellant Properly Raised a Hostile Work Environment Claim ................................. 5

    Defendants-Appellees argument that "Bronson's allegations fall well short of the severe and pervasive actions required to make a claim of hostile work environment under Title VII", requires the Court to make factual findings that are inappropriate at the motion to dismiss stage. ..................................................................................................................................... 6

    Bronson properly pled Lurie Children's and Ruohonen's conduct resulted in a breach of a contract. ................................................................................................................................. 8

    The District Court erred in granting the motion to dismiss. ..................................................... 8

CONCLUSION .............................................................................................................. 9

CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7), FRAP RULE 32(g), and CR 32(c) ............................................................................................................................................ 10

PROOF OF SERVICE ................................................................................................. 11

# TABLE OF AUTHORITIES

**CASES**

*Cheek v. Western Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994))……………...5

*Ezell v Potter,* 400 F.3d 1041, 1047 (7th Cir. 2005)………………………………………6

*Harris v. Forklift Sys., Inc.* 510 U.S. 17, 21 (1993)………………………………………6

*Huri v. Office of the Chief Judge of the Circuit Court of Cook County,* 804 F.3d 826, 834 (7th Cir. 2015)…………………………………………………………………………..6

*Smith v. Ne. Ill. Univ.*, 388 F.3d 559, 566 (7th Cir. 2004)………………………….……..6

*Taylor v. Western Southern Life Ins. Co.,* 966 F.2d 1188, 1195 (7th Cir. 1992)………….5

*United States v. Payne*, 102 F.3d 289, 293 (7th Cir. 1996))……………………………….4

STATUTES

42 U.S.C. § 1981……………………………………………………………………………4

28 U.S.C. §§ 1331 and 1343………………………………………………………………..4

28 U.S.C. § 1291……………………………………………………………………………4

FRCP 52(b)…………………………………………………………………………………4

## ARGUMENT

### Jurisdictional Statement

This appeal arises from a complaint alleging race discrimination in violation of Title VII and 42 U.S.C. § 1981, as well as various state laws. The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. On March 18, 2021, that court granted a motion to dismiss the complaint. Special Appendix ("SA") 1. On April 14, 2021, Plaintiff-Appellant filed a timely motion for reconsideration. On January 25, 2022, the District Court denied the motion for reconsideration. SA 2. On February 23, 2022, Plaintiff-Appellant filed a timely Notice of Appeal. This Court's jurisdiction rests on 28 U.S.C. § 1291.

**This Court May Properly Consider Plaintiff-Appellant's Specific Control Test Argument**

Defendant-Appellee argues that "this Court cannot 'consider a litigant's issue if that litigant did not give a trial court the first opportunity to decide the issue.'" (Defendant-Appellee's Response Brief at page 14, quoting *United States v. Payne*, 102 F.3d 289, 293 (7th Cir. 1996)). The "issue" in question in *Payne* were whether debriefing notes could be used to impeach the testimony of a witness. The Court held that *Payne* failed to properly present that issue to the trial court noting *Payne* failed to provide the district court an opportunity to review the debriefing notes prior to the appeal. *United States v. Payne*, 102 F.3d 289, 293 (7th Cir. 1996).

Here, the "issue" before the district court was whether Plaintiff-Appellant was a *de facto* employee. Plaintiff-Appellant argues that in deciding that issue, the district court utilized an incomplete application of the law. This is more closely akin to a "plain error" argument[1] rather

---

[1] FRCP 52(b) permits a court to consider a plain error argument affecting substantial rights even though it was not brought to the court's attention. Here, Plaintiff-Appellant's substantial rights are implicated by the district court's incomplete application of the law.

than attempting to raise a new "issue" as the Defendant-Appellee contends. Defendant-Appellee's arguments must be rejected.

## Plaintiff-Appellant Properly Raised a Hostile Work Environment Claim

The Defendant-Appellee argues that Bronson did not exhaust her administrative remedies as to her hostile work environment claim while citing *Cheek v. Western Southern Life Ins. Co.* ("as a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir. 1994)). There is more to *Cheek* of great importance here. *Cheek* goes on to note "a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." (*Id.,* citing *Taylor v. Western Southern Life Ins. Co.,* 966 F.2d 1188, 1195 (7th Cir. 1992). The Court held that the test for determining whether an EEOC charge encompasses the claims in a complaint is whether "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." (*Cheek v. Western Southern Life Ins. Co.*, at 500, citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976).

Here, Bronson's EEOC charge clearly stated: "[t]hroughout my employment, Respondent subjected me to a hostile work environment." [Doc. 1-1, p. 1]' [R. App'x 001]. It is therefore reasonable to expect that a hostile work environment claim may grow out of an EEOC investigation into Bronson's allegations that Defendants-Appellees subjected her to a hostile work environment. Accordingly, this Court should reject the Defendants-Appellees argument that Plaintiff-Appellee failed to exhaust her administrative remedies.

**Defendants-Appellees argument that "Bronson's allegations fall well short of the severe and pervasive actions required to make a claim of hostile work environment under Title VII", requires the Court to make factual findings that are inappropriate at the motion to dismiss stage.**

A hostile work environment is one in which the harassment is sufficiently "severe or pervasive to alter the conditions of employment and create an abusive working environment." *Ezell v Potter,* 400 F.3d 1041, 1047 (7th Cir. 2005). The working environment must be both subjectively and objectively offensive. *Smith v. Ne. Ill. Univ.*, 388 F.3d 559, 566 (7th Cir. 2004). An objectively offensive workplace in one in which a reasonable person would find it hostile or abusive. *Harris v. Forklift Sys., Inc.* 510 U.S. 17, 21 (1993). A subjectively offensive workplace is one in which the victim perceives the environment to be abusive. *Id.* The Court looks at all of the circumstances in determining whether the work environment is hostile. *Id.* at 23. Those circumstances "may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.*

It is "premature at the pleadings stage to conclude just how abusive [Plaintiff's] work environment was . . . [i]t is enough to say that it is plausible that the screaming . . . social shunning, and uniquely bad treatment of [Plaintiff] . . . could possibly be abusive." *Huri v. Office of the Chief Judge of the Circuit Court of Cook County,* 804 F.3d 826, 834 (7th Cir. 2015).

Here, unlike in the cases cited by Defendants-Appellees, the allegations in Plaintiff-Appellant's complaint more than meet the standard to maintain a Title VII claim at the pleading stage:

- From the start of her employment with Defendants-Appellees, Plaintiff-Appellant, and the other African American teacher, were treated differently than the white teacher by Defendants-Appellees. [Doc. 1, pp 3; A. App'x 3].

- Plaintiff-Appellant was denied access to the EPIC system, which prevented her from properly performing her job functions. [Doc. 1, pp 4; A. App'x 4].

- Defendants-Appellees spread lies about Plaintiff-Apellant by claiming that she was "not committed" and was not "a good fit." [Doc. 1, pp 5; A. App'x 5].

- Defendants-Appellees "ostracized" the African American teachers and limited contact with them. [*Id.*]

- Defendants-Appellees "mislead" Plaintiff-Appellant. [*Id.*]

- Defendants-Appellees created a "new policy" to prohibit the African American teachers from accessing and using the EPIC system. [*Id.*]

- Plaintiff-Appellant was forced to endure months of "increasing harassing conduct by Susan." [Doc. 1, pp 6; A. App'x 6].

- Defendants-Appellees made false accusations to CPS officials regarding Plaintiff-Appellant's work ethic and ability. [*Id.*]

- When the white teacher returned from maternity leave, "the work environment became even more hostile." [Doc. 1, pp 8; A. App'x 8].

- Defendants-Appellees demeaned Plaintiff-Appellant in front of her students. For example, one nurse from the Hospital asked Plaintiff-Appellant if she "could read." [Doc. 1, pp 8; A. App'x 8].

- "On numerous occasions Susan continued to deride [Plaintiff-Appellant] in front of a group of co-workers." [Doc. 1, pp 9; A. App'x 9].

- Plaintiff-Appellant's supervisor refused to take a photograph with the African American teachers – despite having done so with the white employees. [Doc. 1, pp 8; A. App'x 8].

- Defendants-Appellees removed Plaintiff-Appellant's workspace and gave the white teacher first choice of the new workspace. [Doc. 1, pp 9-10; A. App'x 9-10].

- Defendants-Appellees made false accusations of a HIPAA violation to CPS officials. [Doc. 1, pp 11; A. App'x 11].

- The harassment was so severe and pervasive that it began to affect Plaintiff-Appellant's health. [Doc. 1, pp 12-13; A. App'x 12-13].

### The District Court erred in granting the motion to dismiss.

Defendant-Appellee's argument that Plaintiff-Appellant "made no attempt to … show manifest errors in law committed by the District Court in its Motion to Reconsider" is flatly wrong. As set forth in Plaintiff-Appellant's opening brief, the District Court erred in its application of the general control test and in failing to apply the specific control test. Had the District Court properly applied the tests when evaluating the Complaint under the motion to dismiss standards, the motion to dismiss should not have been granted.

### Bronson properly pled Lurie Children's and Ruohonen's conduct resulted in a breach of a contract.

Here, too, Plaintiff-Appellant stands on her opening brief to refute Defendant-Appellee's argument that the breach of contract claim was not properly pled. It was.

## CONCLUSION

For the foregoing reasons and the reasons set forth in her Opening Brief, Plaintiff-Appellant, Nicole Bronson, respectfully requests that the Court reverse the opinion of the District Court in full.

Dated: June 29, 2022

                                                          Respectfully submitted,

                                                          /S/ CALVITA J. FREDERICK
                                                          Calvita J. Frederick
                                                          Post Office Box 802976
                                                          Chicago, Illinois 60680-2976
                                                          312-421-5544
                                                          ARDC # 6184001
                                                          Attorney for Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7), FRAP RULE 32(g), and CR 32(c)

The undersigned, counsel of record for the Plaintiff-Appellant, Nicole Bronson, furnishes the following in compliance with F.R.A.P. Rule 32(a)(7):

I hereby certify that this brief conforms to the rules contained in F.R.A.P. Rule 32(a)(7) for a brief produced with a proportionally spaced font. The length of this brief is 1,884 words.

Dated: June 29, 2022

/S/ CALVITA J. FREDERICK
Calvita J. Frederick
Post Office Box 802976
Chicago, Illinois 60680-2976
312-421-5544
ARDC # 6184001
Attorney for Plaintiff-Appellant

**PROOF OF SERVICE**

The undersigned, counsel of record for the Plaintiff-Appellant, Nicole Bronson, hereby certifies that on July 13, 2022, she caused the Re-Submitted Reply Brief to be served electronically via ECF on counsel for the Defendant-Appellees, Ann & Robert H. Lurie Children's Hospital of Chicago and Susan Ruohonen.

Dated: July 13, 2022

/S/ CALVITA J. FREDERICK
Calvita J. Frederick
Post Office Box 802976
Chicago, Illinois 60680-2976
312-421-5544
ARDC # 6184001
Attorney for Plaintiff-Appellant